IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-11072
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CHYANN FINE BRATCHER;
BRENDA ROBERTSON FINE,

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:95-CR-9
- - - - - - - - - -
July 8, 1996
Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Chyann Fine Bratcher and Brenda Robertson Fine appeal their

convictions for conspiracy to commit mail fraud, several counts

of mail fraud, conspiracy to commit murder, and aiding and

abetting murder with premeditation and malice aforethought.[**]

---

     [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

     [**] Each defendant-appellant has adopted the issues and
arguments raised in the other appellant's brief.  See Fed.
R. App. P. 28(i).

Bratcher argues that the evidence was insufficient to support the convictions for conspiracy to murder and for aiding and abetting murder. Our review of the record confirms that there was more than sufficient evidence to sustain these counts of conviction. See United States v. Pierre, 958 F.2d 1304, 1310 (5th Cir.) (en banc), cert. denied, 506 U.S. 898 (1992). Fine's adoption of Bratcher's sufficiency argument is insufficient, without more, to raise the argument as to Fine. See United States v. Harris, 932 F.2d 1529, 1533 (5th Cir.), cert. denied, 502 U.S. 897 (1991).

Bratcher and Fine argue that the district court abused its discretion by disallowing the expert testimony concerning the polygraph examination of Thomas Earl Fine, Jr. (Tommy). The argument is premised upon caselaw being sufficient to establish the requisite reliability of proffered expert testimony pursuant to Fed. R. Evid. 702. This premise is contrary to United States v. Posado, 57 F.3d 428, 434 (5th Cir. 1995). Our review of the record detects no abuse of discretion in the district court's ruling. See Daubert v. Merrell Dow Pharmaceuticals, Inc., 113 S. Ct. 2786, 2796-97 (1993).

Bratcher and Fine argue that the district court abused its discretion by denying their joint motion for a new trial based on newly discovered evidence, namely, Tommy's affidavit and hearing testimony recanting his earlier testimony. In light of the

district court's credibility determination, made from the best position to evaluate the new evidence in light of the whole record of the trial over which the district court presided, we find no abuse of discretion. See United States v. MMR Corp., 954 F.2d 1040, 1049-50 (5th Cir. 1992). Bratcher and Fine's remaining argument, that the prosecution should be barred, pursuant to the Due Process Clause, based on the purported outrageous government conduct, is without merit.

AFFIRMED.